UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ERMENEGILDO ZENGA CORPORATION,               :
                                             :
             Plaintiff,                      :
                                             :          06 Civ. 7827 (HB)(GWG)
       - against -                           :
                                             :          <u>OPINION & ORDER</u>
56TH STREET MENSWEAR, INC.                  :
                                             :
             Defendant.                      :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Plaintiff Ermenegildo Zenga Corporation's ("Plaintiff") filed a complaint on September 29, 2006, alleging that 56th Street Menswear, Inc. ("Defendant") sold counterfeit suits that infringed on numerous registered trademarks that Plaintiff owned, and that the Defendant engaged in misleading sales practices relating to those suits. Plaintiff alleges counterfeiting, trademark infringement, dilution and unfair competition in violation of the Lanham Act, and dilution, false advertising and unfair competition in violation of New York State law. This Court entered an Order for default judgment in favor of the Plaintiff on September 7, 2007. This case was then referred to Magistrate Judge Gabriel W. Gorenstein for an inquest of damages.

On June 26, 2008 Judge Gorenstein recommended that Plaintiff be awarded a judgment against the Defendant in the amount of $1,000,000. Neither party has objected to Judge Gorenstein's recommendations. For the following reasons, this Court approves, adopts, and ratifies the Report and Recommendation of Judge Gorenstein in its entirety.

## I. FACTUAL BACKGROUND

**A. Trademark Infringement**

Plaintiff is a corporation organized under New York law with its principal place of business in Englewood, New Jersey. Plaintiff deals in high-end, high quality goods, including suits, knitwear, fabrics, accessories, sportswear, perfume, and eyewear. Five marks have been registered in connection with apparel, footwear, belts, and fabric, and Plaintiff has been using the marks extensively and continuously in connection with the sale of its goods.

Defendant is a menswear store located at 54 West 56th Street, New York, N.Y. In February 2006, Plaintiff became aware that Defendant was selling suits identified as "Tessuto Lanificio Ermenegildo Zenga" in its store, and advertising in front of its store that it sells

1

"Zenga" suits. These suits were neither manufactured nor designed by Plaintiff, but the Ermenegildo Zenga design and word mark was attached to them. The Defendant knew or was willfully blind to the fact that the suits were counterfeit. The Defendant made reference to all five of the Plaintiff's registered marks and displayed the image of the Plaintiff's garment label to confuse the public into thinking that the infringing merchandise was the Plaintiff's clothing. Plaintiff wrote a cease and desist letter informing the Defendant of its infringing activity on March 15, 2006, and wrote another similar letter on March 28, 2006 that was mailed and hand delivered. However, Defendant continued to infringe on Plaintiff's registered marks, causing confusion among consumers.

Based on the Defendant's willful infringement on the Plaintiff's five registered marks, Judge Gorenstein found that the Plaintiff was entitled to the statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $1,000,000.00. This sum is comprised of $200,000 per infringement of each of Plaintiff's five registered marks. Section 1117(c)(2) allows a judge to award what he considers just, but not more than $1,000,000 per willful use of the counterfeit mark. Judge Gorenstein determined $200,000 per willful violation was just after he looked at the following factors: (1) the expenses saved and the profits reaped; (2) the revenues lost by the Plaintiff; (3) the value of the trademark; (4) the deterrent effect on others besides the Defendant; (5) whether the Defendant's conduct was innocent or willful; (6) whether Defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the Defendant.

**B.     Attorney Fees**

Judge Gorenstein found that attorney fees did not apply because the law firm's application for fees contained no indication that the law firm's billing statements were based on a compilation of contemporaneous time records. Furthermore, he found that no information was provided on the reasonableness of the hourly rates sought by each attorney involved, and thus the record does not permit an award of fees.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), upon issuance of a United States Magistrate Judge's Report and Recommendation and "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." *See also* Fed. R. Civ. P. 72(b) (providing that "[w]ithin 10 days after being served with a copy of

the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). To date, no party to this case has filed an objection. Where no timely objection to a Report and Recommendation is made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the court may then accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate judge. 28 U.S.C. §636(b)(1)(C); *see also* Local Civil Rule 72.1(d). Having reviewed the Report, and finding no clear error on the face of the record, *see* 28 U.S.C. § 636(b)(1)(B), this court orders as follows:

The Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein, dated June 26, 2008, is approved by the Court in its entirety.

Default Judgment is awarded against the Defendant in the amount of $1,000,000.

The Clerk of the Court is hereby directed to close this case and remove it from my docket.

**SO ORDERED.**
**New York, New York**
~~September ___, 2008~~
Oct 2, 2008

_____
U.S.D.J.

3